Margaret COVINGTON, Appellant,

v.

The HOUSTON POST, Appellee.

No. B14–87–407–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1987.

Rehearing Denied Jan. 14, 1988.

Robert A. Scardino, Sr., Teresa S. Richbourg, Houston, for appellant.

Thomas C. Godbold, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant's photograph was published by appellee with a story about another person named also Margaret Covington. Her suit was filed slightly more than one year after the incident. The trial court granted a summary judgment based on the one year statute of limitations for libel. Appellant characterizes her cause of action as an invasion of privacy and alleges that since there is no specific statute of limitations for invasion of privacy, the four year statute applies. We reverse the summary judgment and hold that the two year statute of limitations applies.

The Houston Post article reported that there were civil and criminal proceedings pending against a Margaret Covington. The story appeared with a photograph of the appellant on September 1, 1984. A correction was printed four days later. Appellant filed her suit on November 21, 1985.

Texas has a one year statute of limitation on actions for libel or slander. TEX. CIV.PRAC. & REM.CODE § 16.002. A two year statute applies to personal injury suits. TEX.CIV.PRAC. & REM.CODE § 16.003. Where there is no express limitation period, other than an action for the recovery of real property, a four year statute applies. TEX.CIV.PRAC. & REM. CODE § 16.051.

■ Invasion of privacy consists of four distinct torts:

(1) intrusion upon seclusion,

(2) appropriation of name or likeness,

(3) public disclosure of private facts, and

(4) publicity placing a person in a false light.

*Wood v. Hustler Magazine, Inc.*, 736 F.2d 1084, *reh'g denied*, 744 F.2d 94 (5th Cir. 1984); *Gill v. Snow*, 644 S.W.2d 222, 223–24 (Tex.App.—Fort Worth 1982, no writ); *Moore v. Charles B. Pierce Film Enterprises*, 589 S.W.2d 489, 490 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.); W. PROSSER, THE LAW OF TORTS § 117 (5th ed. 1984); RESTATEMENT (SECOND) OF TORTS §§ 652A–52E (1977). This suit falls within the category of placing a person in a false light. The Second Restatement defines such a tort with a relevant illustration as follows:

§ 652E. Publicity Placing Person in False Light

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

\* \* \* \* \* \*

7. A and other police officers of a city maintain in the police department a "Rogues Gallery" of photographs, fingerprints and records of those convicted of crime. B is accused of robbery, arrested, fingerprinted and jailed. He is released when the accusation proves to be a matter of mistaken identity and another man is convicted of the crime. Although B never has been convicted of any crime, A insists, over B's objection, in including B's photograph and fingerprints in the Rogues Gallery. A has invaded the privacy of B.

The cases upon which the illustration is based involved the power of the government to keep records on innocent civilians. *See Norman v. City of Las Vegas*, 64 Nev. 38, 177 P.2d 442 (1947); *State ex rel. Mavity v. Tyndall*, 224 Ind. 364, 66 N.E.2d 755 (1946); *State ex rel. Reed v. Harris*, 348 Mo. 426, 153 S.W.2d 834 (1941); *Downs v. Swann*, 111 Md. 53, 73 A. 653 (1909); *Itzkovitch v. Whitaker*, 115 La. 479, 39 So. 499 (1905). Over time, however, the individual's interest became recognized even as to nongovernmental actors. *See, e.g., Penwell v. Taft Broadcasting Co.*, 13 Ohio App.3d 382, 469 N.E.2d 1025, 1028 (1984); Annotation, *False Light Invasion of Privacy—Cognizability and Elements*, 57 A.L. R.4th 22 (1987).

■ It must be decided whether the false light tort alleged by the appellant is really defamation of character by another name. In Texas facts must be pled and "[s]imply because the [petition] said that the action was one for 'invasion of privacy' would not make it so; we must look to the alleged facts." *Dunlap v. McCarty*, 284 Ark. 5, 678 S.W.2d 361, 363 (1984). Defamation and false light are separate causes of action, but the two can overlap. "The false light need not necessarily be a defamatory one, although it very often is, so that a defamation action will also lie." PROS-

SER § 117, at 864 (citations omitted). Defamation relates to injury to reputation which is an indirect injury. Placing someone in a false light can directly damage the plaintiff's sensibilities. Bacharach, *The Privacy Action in Texas: Its Characterization, and a Determination of Applicable Statutes of Limitations*, 29 S.W.L.J. 928, 949 (1975). Here appellant has alleged mental suffering. Appellant has, therefore, alleged a viable cause of action for invasion of privacy for placing her in a false light.

■ It must also be determined whether to treat placing someone in a false light as sufficiently close to defamation of character for limitations purposes. Other states are divided on this matter. Annotation, *False Light Invasion of Privacy—Defenses and Remedies*, 57 A.L.R.4th 244 (1987); *see, e.g., Dunlap v. McCarty, supra; Fellows v. Natl. Enquirer, Inc.*, 42 Cal.3d 234, 228 Cal.Rptr. 215, 721 P.2d 97 (1986); *Eastwood v. Cascade Broadcasting Co.*, 106 Wash.2d 466, 722 P.2d 1295 (1986). Texas did not recognize invasion of privacy as an action until long after the enactment of the current statutes of limitations. *See Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973); *Indus. Found. of the South v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668 (Tex. 1976). The Bacharach article above has suggested that false light be treated under the one year statute. The only Texas decision on point is *Wood v. Hustler Magazine, Inc.*, 736 F.2d 1084, *reh'g denied*, 744 F.2d 94 (5th Cir.1984) (a diversity case applying Texas law).

In *Wood* the Fifth Circuit examined the formulation of the action for violation of privacy in comparison with those for defamation of character. The court observed that "different interests are invaded by the two torts, despite the similarities of false light invasion of privacy to defamation." 736 F.2d at 1088. The court also noted that Texas construes statutes of limitations strictly. *Id.* The Fifth Circuit, therefore, concluded that the two year statute for personal injury applied to the privacy action being considered.

Although the action in *Wood* was for public disclosure of private facts, the court's reasoning is persuasive here. *Cf. First Natl. Bank of Eagle Pass v. Levine*, 721 S.W.2d 287 (Tex.1986) (applying the two year statute to tortious interference with business relations). The two year statute should govern appellant's action for placing her in a false light. To the extent that appellant has alleged injury to reputation, recovery of those damages is barred by the one year statute. The first point of error is sustained.

The second point of error is an attempt to categorize the case as one of negligence so that the two year statute would apply. Because the two year statute applies independently to the false light claim, it is unnecessary to address the second point of error.

The judgment is affirmed as to libel damages and reversed and remanded in all other respects.