**Gonzalo MITRE, et al., Appellants,**

v.

**LA PLAZA MALL, et al., Appellees.**

No. 13–92–246–CV.

Court of Appeals of Texas,
Corpus Christi.

June 17, 1993.

Rehearing Overruled July 29, 1993.

M. Lloyd Seljos, McAllen, for appellants.

Miguel D. Wise, Dune & Wise, P.C., Harlingen, Frank E. Weathered, Dunn, Caseon & Weathered, Corpus Christi, for appellees.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Gonzalo Mitre and Monica Canseco appeal from a take-nothing summary judgment rendered against them on their claims for defamation, intentional infliction of emotional distress, invasion of privacy, negligence, gross negligence, and violation of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), against La Plaza Mall, M.S. Management Associates, Inc., and McAllen Mall Company (collectively "the Mall").[1] We reverse in part, and affirm in part.

All causes of action are based on the Mall's distribution to its merchants of a flyer that falsely accused Mitre and Canseco of passing counterfeit money. The facts of this case are similar and in some respects identical to a prior appeal by Mitre and Canseco of the severed summary judgments in favor of the individual mall mer-

chants. *See Mitre v. Brooks Fashion Stores, Inc.*, 840 S.W.2d 612 (Tex.App.—Corpus Christi 1992, writ denied). Therefore, we rely on our prior opinion for a summary of the facts and disposition below and will refer to that case as *Mitre I.*

In summary, Mitre, Canseco, and Olga Verduzco were shopping together in La Plaza Mall, and, while shopping apart from the other two, Verduzco attempted to pay for clothing with one hundred dollar bills which a store clerk believed to be counterfeit. A mall security officer detained Verduzco while a McAllen Police Officer confirmed with a local financial institution that the bills were not counterfeit. However, before finding out that the bills were not counterfeit, the mall security officer obtained from Verduzco photographs of Mitre and Canseco, made copies, and distributed them to the shops in the mall, allegedly indicating to the shops that Mitre and Canseco were passing counterfeit bills.

## DEFAMATION

By their first five points of error, Mitre and Canseco contend that the trial court erred in granting summary judgment on their defamation actions. The Mall moved for summary judgment on the grounds that it did not publish any defamatory statements, alternately, that it had a qualified privilege to publish the flyers to the mall stores and that it did not act with malice, and finally that any such publication did not damage Mitre or Canseco. On basically the same summary judgment evidence as is here presented, we have already determined in *Mitre I* that fact questions remain concerning the defamatory content and publication of the flyers and the resulting damages to Mitre and Canseco. *Id.* at 617–20. We thus sustain Mitre and Canseco's second and fifth points of error concerning defamatory publication and damages, respectively. However, the Mall now resorts to its alternate argument based on qualified privilege and the absence of malice.

1. The parties concede that, although Melvin Simon & Associates, Inc., was named as a party appellee, the causes of action asserted against it were separately disposed of by a summary judg-

ment and severance, from which no appeal was taken. Therefore, Melvin Simon & Associates, Inc., is not before us in the present appeal.

Specifically, Mitre and Canseco by their first point of error challenge the existence of a qualified privilege in the present case.

 A qualified privilege applies to communications made in good faith on any subject matter in which the author has an interest, or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *Mitre I*, 840 S.W.2d at 619; *Associated Telephone Directory Publishers, Inc. v. Better Business Bureau of Austin, Inc.*, 710 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Specifically, a conditional or qualified privilege applies to the giving of information to persons interested in the trade and commercial standing of another at the time the information is given. Moreover, whether a conditional or qualified privilege exists is a question of law for the court. *Mitre I*, 840 S.W.2d at 619.

 We determined in *Mitre I* that the individual mall stores had a qualified privilege to communicate the information about Mitre and Canseco to their employees for the purpose of protecting their businesses from receiving counterfeit bills. *Id.* at 619. For the same reasons, we now hold that the Mall had a similar qualified privilege to relay information in good faith to the individual stores concerning suspected counterfeiters in the mall. We overrule Mitre and Canseco's first point of error.

Mitre and Canseco contend by their third point of error that a qualified privilege would not protect the Mall because it did not act in good faith, but instead acted with malice in publishing the flyers.

 Malice requires a showing that the defendant acted with knowledge of, or in reckless disregard to, the falsity of the publicized matter. Specifically, malice by reckless disregard requires that the defendant in fact entertained serious doubts as to the truth of the publication. *Mitre I*, 840 S.W.2d at 622. In accordance with this standard, in *Mitre I* we relied upon recent Texas Supreme Court defamation cases holding that uncontroverted assertions by the defendant revealing the source of the allegedly defamatory materials and deny-ing any doubts as to their truth were sufficient proof under the interested witness provisions of Tex.R.Civ.P. 166a(c) to negate actual malice as a matter of law. *Id.* at 623; *see also Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989); *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex.1989); *Howell v. Hecht*, 821 S.W.2d 627, 630–31 (Tex.App.— Dallas 1991, writ denied).

 In the present case, the Mall attempted to negate malice with the affidavits of its manager, Roger Stolley, and of mall security officer Rosie Estrada. Stolley stated that, "[m]all security circulated the said photographs of Mr. Mitre and Ms. Aguirre under the belief that counterfeit bills were being passed by Mr. Mitre and Ms. Aguirre." Estrada stated that she circulated copies of the photographs of Mitre and Canseco to mall merchants "at the direction of McAllen Police Officer Flores" and "under the belief that counterfeit bills were in fact being circulated."

Unlike *Mitre I*, the affidavits submitted in this case by the Mall failed to negate malice. Estrada, who directly circulated the flyers and who was in the best position to explain her own beliefs about the allegations of counterfeiting, merely stated that she believed that counterfeit bills were being circulated, but did not assert that she believed that Mitre and Canseco were the persons circulating such bills. The circumstances of the present case suggest that, consistent with Estrada's affidavit, she could have believed merely that Verduzco, the only one of the three friends actually apprehended with the allegedly counterfeit bills, was passing such bills. What we lack in the present case, is a direct and positive assertion by Estrada that she believed and had no reason to doubt that Mitre and Canseco were also passing counterfeit bills. We hold that the Mall failed to negate the element of malice. We sustain Mitre and Canseco's third point of error.

Thus, we hold that the trial court erred in granting summary judgment against Mitre and Canseco on their claims for defamation.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

By their sixth and seventh points of error, Mitre and Canseco contend that the trial court erred in granting summary judgment on their actions for intentional infliction of emotional distress. The Mall moved for summary judgment on the grounds that it did not intend to inflict severe emotional distress, and that the summary judgment evidence conclusively showed that neither Mitre nor Canseco suffered severe emotional distress. We addressed these same grounds in *Mitre I* with regard to the individual mall stores' grounds on summary judgment.

As we stated in *Mitre I,* the four elements of the tort of intentional infliction of emotional distress are: 1) intentional or reckless conduct by appellees, 2) that was extreme and outrageous;[2] 3) that caused appellant emotional distress; and 4) that was severe. *Id.* at 620; *see also Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993); *Borden, Inc. v. Rios,* 850 S.W.2d 821, 832 (Tex.App.—Corpus Christi 1993, writ pending); *Tidelands Automobile Club v. Walters,* 699 S.W.2d 939, 942 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF TORTS § 46 (1965). We then determined that the humiliation and damage to reputation testified to by Mitre and Canseco in their deposition excerpts was some evidence of the type of mental or emotional injuries for which they may recover. *Id.* at 621. We thus sustain Mitre and Canseco's seventh point of error, by which they here complain that the Mall did not negate such damages.

In addition, Mitre and Canseco contend by their sixth point of error that the Mall did not negate the element of intent, which requires that the defendant's conduct be either intentional or reckless. We hold that recklessness in terms of the present defamatory publication would be shown by a reckless disregard to the falsity of the publicized matter—in other words, with serious doubts as to the truth of such publication. As we discussed with regard to Mitre and Canseco's causes of action for defamation, the Mall did not negate malice in terms of a reckless disregard for the truth. Therefore, we also hold that the Mall failed to negate the intent required to support a cause of action for intentional infliction of emotional distress. We sustain Mitre and Canseco's sixth point of error. We hold that the trial court erred in granting summary judgment against Mitre and Canseco on their claims for intentional infliction of emotional distress.

## INVASION OF PRIVACY

By their eighth and ninth points of error, Mitre and Canseco contend that the trial court erred in granting summary judgment on their actions for invasion of privacy by placing them before the public in a false light.[3] The Mall moved for summary judgment on the grounds that no defamatory words or comments accompanied its distribution of the flyers which would place Mitre and Canseco in a false light, and that it did not act with malice. As we have already stated, fact questions remain concerning both the defamatory content of the flyers and malice. Accordingly, we sustain Mitre and Canseco's eighth point of error concerning defamatory publication and their ninth point of error concerning malice. We hold that the trial court erred in granting summary judgment against Mitre and Canseco on their claims for invasion of privacy.

## NEGLIGENCE AND GROSS NEGLIGENCE

By their tenth and eleventh points of error, Mitre and Canseco contend that the trial court erred in granting summary judgment on their negligence and gross negligence actions. The Mall moved for sum-

---

2. In the present case, we express no opinion on whether the Mall's conduct was extreme and outrageous; as the Mall did not raise this issue in its motion for summary judgment.

3. *See Diamond Shamrock Refining and Marketing Co. v. Mendez,* 844 S.W.2d 198 (Tex.1992). The Texas Supreme Court has chosen to presently leave open the question of whether the tort of false light invasion of privacy exists in Texas. *Id.* at 200.

mary judgment on the grounds that its actions were neither negligent nor grossly negligent.

█ Specifically, Mitre and Canseco contend by their tenth point of error that the Mall failed to negate their causes of action for negligence, because a fact question exists whether the Mall failed to exercise ordinary care in the distribution of the flyers. As we stated in *Mitre I*, the assertion of a defamation cause of action encompasses a duty to Mitre and Canseco and a resulting breach of that duty by the defamatory publication. *Id.* at 623; *see also Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 819 (Tex.1976), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1160, 51 L.Ed.2d 573 (1977) (establishing negligence as the standard of liability for a defamation action in Texas). Accordingly, in the present case a fact question remains whether the Mall breached that duty by its defamatory publication. We sustain Mitre and Canseco's tenth point of error.

█ Mitre and Canseco contend by their eleventh point of error that the Mall failed to negate gross negligence, because a fact question exists whether the Mall acted out of conscious indifference to the rights, welfare, or safety of Mitre and Canseco. *See Mitre I*, 840 S.W.2d at 623–24. As we stated in *Mitre I*, within the context of a defamation cause of action, malice is the standard for awarding exemplary damages. In other words, if the defamation is characterized in terms of a negligent breach of duty, then "gross negligence" sufficient to support exemplary damages would require a showing of malice. *Id.* at 624; *see also Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). In the present case, there remains a fact question, whether the Mall acted with malice, and thus whether Mitre and Canseco may recover exemplary damages based on gross negligence in the publication of the defamatory flyer. We sustain Mitre and Canseco's eleventh point of error.

We hold that the trial court erred in granting summary judgment against Mitre and Canseco on their claims for negligence and gross negligence.

## DTPA

By their twelfth point of error, Mitre and Canseco contend that the trial court erred in granting summary judgment on their DTPA actions, because they are consumers under the Act. The Mall moved for summary judgment on the grounds that Mitre and Canseco are not "consumers" under the terms of the Act and alternately, that Mitre and Canseco failed to state a claim under the Act for which relief may be granted. However, in the present appeal, Mitre and Canseco attack only the first of the Mall's two grounds for summary judgment, arguing in their brief only that the trial court erred in holding that they are not consumers.

█ The trial court granted the Mall's motion for summary judgment without specifying the grounds. Therefore, we presume that the trial court granted summary judgment on all grounds urged by the movant for summary judgment, and, having failed to attack the second ground for summary judgment, Mitre and Canseco have thus waived any right to complain of the trial court's summary judgment on their DTPA claims. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970); *Reese v. Beaumont Bank, N.A.*, 790 S.W.2d 801 (Tex.App.—Beaumont 1990, no writ); *Rodriguez v. Morgan*, 584 S.W.2d 558 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). We overrule Mitre and Canseco's twelfth point of error.

We AFFIRM the trial court's summary judgment on appellants' DTPA causes of action. We REVERSE the trial court's summary judgment on appellants' defamation, intentional infliction of emotional distress, invasion of privacy, negligence, and gross negligence causes of action, and we REMAND these causes to the trial court for trial on the merits.