NUMBER 13-98-459-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


SCOTTSDALE INSURANCE COMPANY, Appellant,


v.



SAMUEL M. TIPTON AND BARBARA M. TIPTON, Appellees.

____________________________________________________________________


On appeal from the County Court at Law No. 1


of Calhoun County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Seerden(1)


Opinion by Justice Hinojosa



 Appellees, Samuel M. Tipton and Barbara M. Tipton, sued
appellant, Scottsdale Insurance Company, for breach of contract, breach
of the duty of good faith and fair dealing, and violations of the Texas
Deceptive Trade Practices Act and the Texas Insurance Code after
Scottsdale refused to pay appellees' entire claim under a fire insurance
policy. Both sides filed motions for partial summary judgment on the
issues of coverage and proceeds owed. The trial court granted
appellees' motion and denied Scottsdale's motion, and issued an order
awarding the Tiptons, inter alia, statutory damages for Scottsdale's
violation of the Texas Insurance Code. Because we hold that the order
purporting to grant summary judgment was interlocutory, we dismiss
this action for want of jurisdiction.

A. Background


 On January 24, 1994, the Tiptons conveyed a parcel of land with
a house and a store to Beverley and Joshua Ejiniwe. The Ejiniwes paid
$25,000 down and executed a note to the Tiptons for $125,000, the
remainder of the purchase price. The note was secured by a deed of
trust on the property. The Ejiniwes obtained fire insurance coverage on
the property from Scottsdale, with the policy to expire on February 15,
1996. The Ejiniwes defaulted on the note in November of 1995. The
Scottsdale insurance policy was renewed for one year effective February
14, 1996,(2) providing $75,000 coverage on the store building, $20,000
on the store contents, and $5,000 for debris removal. "Bev's Beach
Store" and the Ejiniwes were listed as the named insureds and the
Tiptons were listed as the lender loss payees.

 After the Ejiniwes failed to cure the default, the Tiptons sent a
notice of acceleration and notice of foreclosure in March of 1996, and
the property was sold at a foreclosure sale on April 4, 1996. The
Tiptons repurchased the property with a bid of $116,000; the deficiency
balance was $8,164.22.

 Shortly after repurchasing the property, Mrs. Tipton called her
insurance agent, Hilb, Rogal & Hamilton Co. ("HRH"), to obtain
insurance on the house and store located on the property. The policy
for the house was reissued in the Tiptons' names, but a new
commercial policy was never issued on the store. 

 On May 20, 1996, the store and its contents were destroyed by
fire. The Tiptons filed a claim with Scottsdale for the full amount of the
loss. In October, 1996, Scottsdale tendered payment equaling the
deficiency amount. The Tiptons rejected the tender and filed suit
against Scottsdale and HRH. The Tiptons pleaded causes of action for
breach of contract, breach of the duty of good faith and fair dealing, and
violations of the Texas Deceptive Trade Practices Act and the Texas
Insurance Code. The Tiptons filed a motion for partial summary
judgment:

on the issue of insurance coverage, and their entitlement to
recover the entire policy proceeds available because of the
fire loss in question; this Motion is a Partial Motion, because
it does not deal with the Plaintiff's [sic] allegations
concerning extra contractual liability, arising from the
Defendant's breach of contract and bad faith conduct.

 

Scottsdale filed its own "Motion for Partial Summary Judgment as to
Plaintiffs' Breach of Contract Claims." The trial court denied
Scottsdale's motion and granted the Tiptons' motion. The trial court
granted the Tiptons a judgment against Scottsdale in the following
amounts:

(a) the insurance policy benefits of $99,500, 


(b) pre-judgment interest of $35,820 (at the rate of ten
percent),


(c) a penalty of $35,820 (eighteen percent under article
21.55(6) of the Texas Insurance Code),(3)


(d) attorney's fees of $39,800 (forty percent of the
insurance policy proceeds), and


(e) court costs of $170.


The judgment totaled $198,191.66 and accrued post-judgment interest
at the rate of ten percent per annum. In the same order, the trial court
severed the Tiptons' cause of action against HRH under a separate
cause number, and also severed their cause of action against Scottsdale
for "bad faith liability" under a third cause number. The order denied
"all further relief sought by either party."

B. Statutory Penalty Awarded by the Trial Court


 In its fourth point of error, Scottsdale contends the trial court erred
in awarding the statutory penalty prescribed by the Texas insurance
code for an insurer's failure to promptly pay a claim because the Tiptons
did not ask for such relief in their motion for partial summary judgment.

 The Texas Insurance Code provides for the award of a penalty of
"18 percent per annum of the amount of such claim" for an insurer's
failure to promptly pay a valid claim. Tex. Ins. Code Ann. art. 21.55, §6
(Vernon Supp. 2001). In their motion for partial summary judgment, the
Tiptons asked the trial court:

to enter a Judgment on the issue of insurance coverage, and
their entitlement to recover the entire policy proceeds
available because of the fire loss in question; this Motion is
a Partial Motion, because it does not deal with the Plaintiff's
allegations concerning extra contractual liability, arising from
the Defendant's breach of contract and bad faith conduct.


* * * * *



Plaintiffs pray that the Court grant this Motion and enter
Partial Summary Judgment in their favor, finding and
holding that Plaintiffs are entitled to recover all of the policy
proceeds from the insurance policy in question, and leaving
for trial on the merits the issues of whether or not Plaintiffs
have suffered extracontractual damages for which they are
entitled to recover.


The Tiptons clearly asked only for summary judgment on the coverage,
or breach of contract, issue; they did not ask the trial court for summary
judgment on any insurance code violation. Similarly, Scottsdale did not
move for summary judgment on any insurance code issue. 

 A motion for summary judgment shall state the specific grounds
therefor. Tex. R. Civ. P. 166a(c). A motion for summary judgment must
expressly state the grounds upon which it is made. McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). A
motion for summary judgment must stand or fall on the grounds
expressly presented in the motion and a court may not rely on briefs or
summary judgment evidence in determining whether grounds are
expressly presented. Id. A summary judgment may not be granted on
grounds which are not raised by the movant in his motion. Mitre &
Canseco v. Brooks Fashion Stores, 840 S.W.2d 612, 616-17 (Tex.
App.--Corpus Christi 1992, writ denied). Here, the trial court's award
of the statutory penalty clearly exceeded the scope of the relief
requested. 

C. Jurisdiction

 Under Texas procedure, appeals are allowed only from final orders
or judgments. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex.
1992); North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895
(Tex. 1966). A judgment that actually disposes of every remaining
issue in the case is not interlocutory merely because it recites that it is
partial or refers to only some of the parties or claims. Lehmann v. Har-Con Corp., Nos. 99-0406 and 990461, 2001 Tex. LEXIS 6, *41-*42 (Tex.
Feb. 1, 2001). However, the inclusion of a Mother Hubbard clause ("all
relief not granted is denied") does not automatically indicate that a
judgment rendered without a conventional trial is final for purposes of
appeal. Id. at *41-*42 (overruling Mafrige v. Ross, 866 S.W.2d 590,
591-92 (Tex. 1993), "to the extent it states otherwise"). It may be
necessary for the appellate court to look to the record in the case to
determine whether an order disposes of all pending claims and parties. 
Id. at *49.

 A judgment that grants more relief than a party is entitled to is
subject to reversal, but it is not, for that reason alone, interlocutory. 
Lehmann, 2001 Tex. LEXIS 6 at *29; Continental Airlines, Inc. v. Kiefer,
920 S.W.2d 274, 276-77 (Tex. 1995); Young v. Hodde, 682 S.W.2d
236, 237 (Tex. 1984)(per curiam); Chessher v. Southwestern Bell Tel.
Co., 658 S.W.2d 563, 564 (Tex. 1983)(per curiam); Schlipf v. Exxon
Corp., 644 S.W.2d 453, 454-55 (Tex. 1983)(per curiam). If a judgment
grants more relief than requested, it should be reversed and remanded,
but not dismissed. Lehmann, 2001 Tex. LEXIS 6 at *35-*36. 

 In the instant case we have a separate jurisdictional problem. 
Although the order granting summary judgment purports to sever the
Tiptons' cause of action against Scottsdale for "bad faith liability," the
order also grants the Tiptons damages for violation of the Texas
Insurance Code, which should be part of the bad faith action. Under the
new approach to determining the finality of summary judgments
announced in Lehmann, there must be some "clear indication that the
trial court intended the order to completely dispose of the entire case." 
Id. at *48.

 Here, we have a purportedly final order that contradicts itself. It
awards the Tiptons bad faith damages against Scottsdale, but also
purports to sever the Tiptons' bad faith cause of action against
Scottsdale. We conclude that, under the rationale of Lehmann, the trial
court's order is not final because it does not make a clear disposition of
all causes of action. See id. at *48. Accordingly, we hold that the order
is interlocutory.

 We dismiss this case for want of jurisdiction.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 15th day of March, 2001.

1. Retired Chief Justice Robert J. Seerden, assigned to this Court by the Chief
Justice of the Texas Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. The record is not clear whether the Ejiniwes or the Tiptons paid the premium
for this policy.
3. Tex. Ins. Code Ann. art. 21.55(6) (Vernon Supp. 2001).