Matthew Thomas CLARKE, Appellant,

v.

DENTON PUBLISHING COMPANY, a Texas Company, Keith Shelton, and George E. Prentice, Appellees.

No. 2–89–196–CV.

Court of Appeals of Texas, Fort Worth.

July 25, 1990.

Matthew Thomas Clarke, Tennessee Colony, pro se.

J. Shelby Sharpe, Sharpe Bates & McGee, Fort Worth, for appellees.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Matthew Thomas Clarke, sued appellees seeking damages for the actions of appellees in publishing allegedly false information about appellant. The trial court granted summary judgment for appellees from which appellant now appeals. Appellant argues in two points of error that the trial court erred in granting summary judgment and also in failing to allow appellant an opportunity to respond to appellees' memorandum brief in support of the motion for summary judgment.

We sustain appellant's first point of error and overrule the second point of error. The judgment of the trial court is affirmed in part, reversed in part, and remanded for trial.

Appellant's original petition in this case alleged that appellees published false statements about him which "libeled plaintiff and placed plaintiff in a false light in the public eye and thus invaded plaintiff's privacy." Appellees simultaneously filed an original answer and motion for summary judgment claiming that, other than libel, no other cause of action had been raised in plaintiff's original petition and that libel was barred by limitations pursuant to TEX. CIV.PRAC. & REM.CODE ANN. § 16.002 (Vernon 1986). Appellant filed a response to the motion for summary judgment in which he withdrew libel as a cause of action, but argued that the original petition

had also raised another cause of action which was not barred by limitations: invasion of privacy by placing appellant in a false light in the public eye. Appellant also requested issuance of a bench warrant to allow appellant, a state prisoner, to attend the summary judgment hearing. Appellees then filed a memorandum brief in support of their motion for summary judgment. The following day the trial court granted appellees' motion for summary judgment and entered a final judgment in favor of appellees. Appellant was not present at the summary judgment hearing and claims he did not receive a copy of appellees' memorandum brief until after the hearing on the motion for summary judgment had been held. In his second point of error, appellant claims the trial court erred by failing to allow appellant an opportunity to respond to appellees' arguments in support of appellees' motion for summary judgment.

The record shows that on August 4, 1989, appellees filed a memorandum brief to support their motion for summary judgment and a copy was mailed to appellant on August 3rd. Appellant argues that since he did not receive a copy of the brief until after the hearing on the motion for summary judgment had been held, he was not given the opportunity to respond. Appellant further contends that if a bench warrant had been issued he would have had the opportunity to respond.

The final judgment in this case sets forth that the following items were taken into consideration: "Defendants' Motion for Summary Judgment"; "Plaintiff's Original Petition"; "Plaintiff's Response to Defendants' Motion for Summary Judgment"; and "Plaintiff's Response to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment."

■ It is clear from the record that the items taken into consideration by the trial court to reach its verdict are set forth in the final judgment. Appellees' memorandum brief was apparently not taken into consideration by the trial court since it is not listed in the final judgment. Appellees

also correctly state that TEX.R.CIV.P. 166a prohibits any "oral testimony" being received at the hearing. Therefore, we find that appellant's failure to be present at the hearing does not deny him the right of access to the courts because he is a state prisoner. Appellant's second point of error is overruled.

In his first point of error, appellant alleges the trial court erred in granting appellees' motion for summary judgment because his pleadings stated a cause of action for invasion of privacy which was not barred by TEX.CIV.PRAC. & REM.CODE ANN. § 16.002.

Appellant argues that even though he withdrew his cause of action for libel, there still existed a valid cause of action for invasion of privacy because he was harmed by publicity which placed him in a false light in the public eye.

 We agree with the parties that the tort of invasion of privacy exists in Texas. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex.1973). It is also true that the privacy interest encompasses four separate torts, including a cause of action for publicity which places a plaintiff in a false light in the public eye. *Industrial Found. of the South v. Texas Indus. Bd.*, 540 S.W.2d 668, 682 (Tex.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977); *see also* Texas Torts and Remedies §§ 53.-05(1)—53.05(5) (1990).

Defendants claimed in their motion for summary judgment that other than libel, no other causes of action were alleged in plaintiff's original petition. TEX.CIV. PRAC. & REM.CODE ANN. § 16.002 imposes a one-year limitation on libel suits and more than a year had passed since the alleged libelous acts occurred. Section 16.-002 states that a one-year statute of limitations exists for suits for malicious prosecution, libel, slander, or breach of promise of marriage. The summary judgment granted defendant's motion and held plaintiff take nothing, stating:

[A]s a matter of law all of the matters alleged in Plaintiff's Original Petition are for a cause of action for libel and not for invasion of privacy or any other cause of action; that the matters alleged in Plaintiff's Original Petition are barred by § 16.002 of the Texas Civil Practice & Remedies Code; ...

 The false light type of invasion of privacy concerns untrue statements about a party. *See* RESTATEMENT (SECOND) OF TORTS § 652 E, comment a (1976). Basically, the false light cause of action protects a person from being placed before the public in an objectionable false light. *See id.* The elements of the false light tort are as follows: (1) communication to the public at large in such a manner as to make the untrue statement public knowledge; (2) the individual is placed in a false light which would be highly offensive to a reasonable person; and (3) the actor had knowledge, or acted in reckless disregard, of the falsity of the publicized matter and the false light in which the plaintiff would be placed. *Id.*

 Although similar to defamation, false light invasion of privacy is different in that the publicity has to be to the public at large and the remark has to be false, not necessarily defamatory. *See* RESTATEMENT (SECOND) OF TORTS § 652E, comment b (1976). Defamation, however, requires publication only to a third party regarding false, defamatory statements about the plaintiff. *Id.* In some instances, facts will give rise to a cause of action both for defamation and false light invasion of privacy. *Id.* In order to recover for defamation a plaintiff must allege and prove special damages, whereas in false light, the plaintiff may recover nominal or minimal damages. *Braun v. Flynt*, 726 F.2d 245, 250 (5th Cir.), *cert. denied sub nom. Chic Magazine, Inc. v. Braun*, 469 U.S. 883, 105 S.Ct. 252, 83 L.Ed.2d 189 (1984).

 Plaintiff's pleadings detailed all the facts underlying this transaction and as to each defendant, plaintiff alleged that party published "material which libeled plaintiff and placed plaintiff in a false light in the public eye and thus invaded plaintiff's privacy." Because we find that appellant adequately raised the required elements of the false light cause of action in

his pleadings, he sufficiently stated a cause of action in addition to libel. Appellant's first point of error is sustained.

While we sustain appellant's first point of error, the portion of the summary judgment which holds libel is barred by the limitations set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 16.002 is not challenged on appeal and therefore remains unchanged.

The part of the trial court's judgment relating to the libel cause of action being barred by limitations is not challenged on appeal and remains intact. That portion of the summary judgment dealing with appellant's allegations that a false light cause of action existed is reversed and remanded for trial. The remainder of the trial court's judgment is affirmed. Costs are assessed against appellees.