George L. WILHITE, Appellant,

v.

H.E. BUTT COMPANY and
Butch East, Appellees.

No. 13–90–108–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 7, 1991.

Jose Luis Pena, Harlingen, for appellant.

John J. Franco, Jr., Wallace B. Jefferson, Lawrence D. Smith, Groce, Locke & Hebdon, San Antonio, for appellees.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

George Wilhite appeals the trial court's granting of a partial summary judgment and the denial of his motions for judgment *non obstante veredicto* and for new trial in his suit for civil conspiracy, invasion of privacy, wrongful discharge, breach of express and/or implied contract, and defamation brought against H.E. Butt Company and Butch East, an H.E. Butt employee (hereafter "H.E.B."). We affirm the trial court's judgment.

Wilhite's causes of action arose from his discharge from employment with H.E.B. Before trial, appellees filed a motion for summary judgment on all of Wilhite's causes of action. Immediately before trial, the trial court granted summary judgment on all causes of action except defamation. After a jury trial on the defamation claim, the jury found that the statements which were the basis of the defamation claim were true, and the trial court entered judgment that Wilhite take nothing.

By his first point of error, Wilhite contends that the trial court erred in granting summary judgment because the trial court failed to act in accordance with Tex. R.Civ.P. 166a(c). Specifically, Wilhite complains that the trial court set the hearing for appellees' motion for summary judgment for a time less than twenty-one days from the day it was filed.

Tex.R.Civ.P. 166a(c) states: "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." This rule also states that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response." Tex.R.Civ.P. 166a(c). This timing sequence provides the opposing party fourteen days to review the motion for summary judgment and to prepare a response. Furthermore, under this second statement, the trial court has discretion to allow late filing of opposing proof any time before the signing of the summary judgment. *Diaz v. Rankin,* 777 S.W.2d 496, 500 (Tex.App.—Corpus Christi 1989, no writ).

The record contains a July 13, 1989, order which includes a statement that "the time period for filing and setting a hearing on any Motion for Summary Judgment is hereby shortened to fourteen (14) days." The order is signed by the trial judge and both Wilhite's attorney and appellees' attorney, indicating that the court gave leave for the shortened period and that Wilhite had notice of the shortened period. At the time the order was signed, trial was set for August 28, 1989. Trial was later reset to November 13, 1989.

The order shortening the period was signed well before any motion for summary judgment was filed. Appellees filed their motion for summary judgment on October 6, 1989, and the hearing was set for October 26, 1989, nineteen days after the date of filing. Although he knew of the judge's order which shortened the time period, Wilhite did not object to having a

**4**

hearing less than twenty-one days after the filing of appellees' motion until he filed a response, the day before the hearing and eighteen days after receiving the motion for summary judgment. Wilhite had more than the standard fourteen days to respond but he did not address the merits of the motion for summary judgment; his response only addressed the fact that the hearing was set less than twenty-one days after the filing of the motion. Furthermore, despite the fact that the trial court did not rule on the motion until trial, three weeks after the hearing, Wilhite did not request that the court give him leave to file a late response addressing the merits after the hearing date. We cannot conclude that the trial court acted unreasonably, arbitrarily or without reference to Tex.R.Civ.P. 166a(c) or that the trial court clearly disregarded appellant's rights. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). We find no abuse of discretion on the part of the trial court. We overrule Wilhite's first point of error.

By his point of error one-A, Wilhite contends that the agreed order that motions for summary judgments could be set for fourteen days was not sufficient to allow the shortened period because the shortened time period was not requested by motion. Tex.R.Civ.P. 166a(c) does not require a written motion or make provision for the form of a request in order to get leave of the court to change the period of time between the filing of a motion for summary judgment and a hearing. The docket sheet shows that the court issued the order on July 13, 1989, the day that it held a hearing on the parties' various pretrial motions. The order included rulings on the motions as well as the shortened time period for filing motions for summary judgment. The order changing the time period raises a presumption that a change was requested at the hearing on the pretrial motions and that the court granted that request. We overrule Wilhite's point of error one-A.

By his second point of error, Wilhite contends that the granting of the summary judgment should be reversed because no written order or judgment specifically addresses the issues disposed of by the motion for summary judgment. The court issued an oral pronouncement prior to trial granting H.E.B.'s motion for summary judgment as to the civil conspiracy, implied and express breach of contract, and invasion of privacy causes of action, and that it was denying summary judgment on the libel and slander cause of action. This holding is also noted on the docket sheet. The trial court's final judgment states that "[a]ll relief not expressly set forth herein is denied."

An order is "rendered" when it is officially pronounced in open court. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982). Hence, the trial court's order of November 13, 1989, expressly granting the summary judgment on certain causes of action and denying it on others is dispositive of those causes of action. Furthermore, when a judgment recites that it denies all relief not expressly granted, it disposes of all parties and issues so that the judgment over the entire cause is final. *See North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966); *Stiba v. Bowers,* 756 S.W.2d 835, 837 (Tex.App.—Corpus Christi 1988, no writ). Since the judgment in this case contains such a phrase, it also disposes of those causes of action which were eliminated by the granting of the interlocutory summary judgment. While it is preferable that a final judgment specifically incorporate those matters previously disposed of in an interlocutory summary judgment, in this case it is clear that a final judgment disposing of all matters has been entered and the record clearly shows those causes of action that were disposed of pursuant to H.E.B.'s motion for summary judgment. The interlocutory order became final with the signing of the judgment disposing of all the matters. Reversible error was not committed because the trial court failed to enter a separate written order regarding its interlocutory order. We overrule Wilhite's second point of error.

By his third point of error, Wilhite contends that the grounds presented by H.E.B.'s motion for summary judgment are insufficient as a matter of law. Appellees' motion for summary judgment attacked all of Wilhite's causes of action: civil conspiracy, invasion of privacy, wrongful discharge, breach of express and/or implied contract, and defamation.

■ When reviewing a summary judgment, the appellate court is required to apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and doubts resolved in his favor.

*Nixon v. Mr. Property Management. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Because Wilhite did not file a response opposing appellees' motion for summary judgment on its merits, we review the motion to determine whether appellees are entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). In other words, we review the summary judgment motion to determine whether it negates at least one element of each of Wilhite's causes of action.

■ An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). The elements of civil conspiracy are: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result. *Id.*

■ As a matter of law, a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained-of action. *Fojtik v. First Nat'l Bank of Beeville,* 752 S.W.2d 669, 673 (Tex.App.—Corpus Christi 1988) *writ denied,* 775 S.W.2d 632 (Tex. 1989); *Christopher v. General Computer Sys.,* 560 S.W.2d 698, 709 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). In Wilhite's deposition, appellees' summary judgment exhibit "A," appellant admitted that all the people involved in alleged conspiracy at the time of the conspiracy were H.E.B. management personnel or H.E.B. employees. Appellees were entitled to summary judgment as a matter of law on Wilhite's civil conspiracy causes of action.

■ Wilhite also contended that he had a contract for employment, either express or implied, which was breached and which resulted in his wrongful termination. The general rule in Texas is that an employee at will, one without a written employment contract, can be discharged at will and without cause. *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733, 734–35 (Tex.1985). In other words, when the contract is oral and for no definite period of time, it is terminable at will by either party. *Currey v. Lone Star Steel Co.,* 676 S.W.2d 205, 212 (Tex.App.—Fort Worth 1984, no writ). To establish a cause of action for wrongful termination, Wilhite must prove that: (1) he and H.E.B. had a contract that specifically provided that H.E.B. did not have the right to terminate the employment contract at will, and (2) the employment contract was in writing. *See Lumpkin v. H & C Communications, Inc.,* 755 S.W.2d 538, 539 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

Wilhite concedes that his employment status was "at-will": in his deposition, Wilhite admits that although he worked for H.E.B. for many years, he did not have a written employment contract, his employment contract was oral. Additionally, at no time during his employment at H.E.B. did he have a contract for employment for a specific number of years or for a specific period and there were no documents which contained an express statement that he

would be employed until date of retirement.

Appellees established that Wilhite's oral employment contract was not expressly modified. The only written document in evidence which could have modified Wilhite's employment contract was the H.E.B. employee handbook. An employee handbook can become part of the employment contract and limit the employer's right to discharge an employee. *Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 61 (Tex.App.—Dallas 1986, no writ). When the handbook contains an express disclaimer that the handbook in no way constitutes an employment contract, it does not circumscribe the employer's ability to discharge an employee. *Id.* at 61–62. H.E.B.'s handbook, which was part of appellees' summary judgment evidence, contained such a disclaimer. The summary judgment evidence is conclusive that there was no express written contract for employment and hence, Wilhite has no cause of action for wrongful termination.

Wilhite had not alleged nor does he claim any statutory or common-law exception to the rule that an at-will employment may be terminated without good cause. H.E.B. was entitled to a summary judgment regarding Wilhite's breach of contract claim.

The summary judgment also disposed of Wilhite's invasion of privacy claim. In his petition, Wilhite alleged invasion of privacy as a result of appellees' unreasonable intrusion upon his private life, placing him in a false light, and giving unreasonable publicity to his private life. According to his deposition, Wilhite is claiming that appellees invaded his privacy by not allowing him to confront the people accusing him of sexual harassment and by intruding into his private affairs by trying to control his life by telling him what he could and could not do. Wilhite stated that he is not complaining that any investigation invaded his privacy.

Texas recognizes four distinct torts, any of which constitutes an invasion of privacy. *See Indust. Found. of the South v. Texas Indus. Accident Bd.,* 540 S.W.2d 668, 682 (Tex.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). These are:

1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.
2. Public disclosure of embarrassing private facts about the plaintiff.
3. Publicity which places the plaintiff in a false light in the public eye.
4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

*Id.* at 682.

Wilhite's petition states a cause of action under the first recognized tort. This type of invasion of privacy, however, is generally associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones or spying. *Gill v. Snow,* 644 S.W.2d 222, 224 (Tex. App.—Fort Worth 1982, no writ). Appellees' summary judgment evidence established that there was no physical invasion of Wilhite's property or eavesdropping on his conversations or any other intrusion constituting an invasion of privacy.

Wilhite's petition also states causes of action under the second and third recognized torts. The public disclosure element of the second tort is equivalent to the publicity element of the third tort. *Compare Indust. Found.,* 540 S.W.2d at 683, *with Clarke v. Denton Publishing Co.,* 793 S.W.2d 329, 331 (Tex.App.—Fort Worth 1990, n.w.h.). Both require communication to the public at large. *Indust. Found.,* 540 S.W.2d at 683; *Clarke,* 793 S.W.2d at 331. Appellees' uncontroverted summary judgment evidence effectively eliminated this element with affidavits from H.E.B. management personnel which stated that the facts of Wilhite's dismissal were discussed only with H.E.B. management and were not communicated to anyone else.

Wilhite's claims of invasion of privacy as stated in his deposition do not constitute any the recognized torts which may form the basis of an invasion of privacy claim in Texas. Appellees were entitled to sum-

mary judgment on Wilhite's invasion of privacy action. Wilhite's third point of error is overruled.

By his fourth point of error, Wilhite contends that the trial court erred in not granting his motions for judgment non obstante veredicto and for new trial because the evidence was contrary to the overwhelming weight and preponderance of the evidence to support "truth" as an affirmative defense by appellees. H.E.B. contends that the judgment should be affirmed because Wilhite failed to file a complete statement of facts.

The burden is on appellant to see that a sufficient record is provided to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). The record shows that appellant requested that only a portion of the statement of facts of the trial proceedings be prepared. When a partial statement of facts is filed, an appellant must comply with Texas Rule of Appellate Procedure 53(d) and include in his request of the statement of facts a statement of the points to be relied on, and he shall thereafter be limited to such points. *Id.;* Tex.R.App.P. 53(d). Appellant did not comply with Rule 53(d). In reviewing a complaint based on factual sufficiency, we must review all the evidence. This we cannot do because we do not have a complete statement of facts. We are unaided by the presumption resulting from compliance with Rule 53(d), and we are unable to review the entire record in this case. Accordingly, we must overrule Wilhite's fourth point of error which was based upon factual sufficiency of the evidence.

The trial court's judgment is affirmed.