Norman SHAHEEN, Appellant,

v.

MOTION INDUSTRIES, INC., Appellee.

No. 13–93–066–CV.

Court of Appeals of Texas, Corpus Christi.

May 12, 1994.

Rehearing Overruled July 7, 1994.

J. Chris Rodriguez, Chaves, Gonzales and Rodriguez, Corpus Christi, for appellant.

Ken Fields, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

DORSEY, Justice.

Norman Shaheen is a former employee of Motion Industries, Inc., working for the company between March and May 1989. After his discharge he sued, claiming wrongful discharge, negligent and intentional infliction of emotional distress, and false light invasion of privacy. He also sought punitive damages. Summary judgment was granted Motion Industries, Inc. We affirm in part and reverse and remand in part.

The evidence is largely undisputed. Shaheen was fired immediately after a trade show in which he participated with other Motion Industries employees. Shaheen claims that at the trade show Motion represented to others that he was to be the company's representative in Corpus Christi and the manager of the soon-to-be-opened Motion office here. He also claims that he had an oral employment contract for a period of at least nine months. Appellee maintains that Shaheen was an at-will employee who was terminated during his probationary period.

The basis for his tort claims is his discharge after being depicted by the company at the trade show as its representative in Corpus Christi.

The summary judgment was granted generally; if it can be upheld on any ground asserted in the motion, it will be sustained. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied). Summary judgment for the defendant, which disposes of a plaintiff's entire case, is proper only if the defendant establishes that the plaintiff could not succeed on any of the theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

Motion Industries' motion had several grounds: that Shaheen was an at-will employee who could be fired at any time, that an employment contract must be in writing, that the torts of negligent and intentional infliction of emotional distress and false light invasion of privacy are not recognized in Texas, and that if those torts are cognizable that the summary judgment proof negates at least one element of each.

In a summary judgment proceeding, the burden is on the movant to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Evidence favorable to the non-movant will be taken as true; every

reasonable inference from the summary judgment evidence will be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant may obtain summary judgment by negating an essential element of the plaintiff's cause of action. *Gibbs,* 450 S.W.2d at 828. The standard of review is whether the summary judgment proof establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Gibbs,* 450 S.W.2d at 828.

Shaheen's first theory of recovery is that Motion breached its employment contract with him when he was wrongfully discharged in violation of that contract.

■ Shaheen's proof consisted of his own affidavit and excerpts from depositions. Shaheen's affidavit, which was challenged by the defendant below as defective,[1] claims that his employment agreement was for nine months and claims that he was embarrassed and damaged by Motion's actions in firing him after representing to the public that he would be Motion's representative in Corpus Christi after Motion had already made the decision to terminate his employment. In his deposition, Shaheen admits there was no guarantee of a job for nine months.[2]

Motion proved that there was no written contract and denies that there was an oral contract. Shaheen claims he raised a fact issue on the existence of an oral contract. Motion claims that a written contract is required. *See Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1, 5 (Tex.App.—Corpus Christi 1991, no writ) (employee claiming contract to last till his retirement); *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (employee claiming lifetime employment). In these cases the statute of frauds was violated in the absence of a written contract, because the term of the contract was longer than one year.

■ Shaheen claims that the contract term was for a minimum of nine months and that he was looking toward the future seeking long-term employment. An oral contract for a period of less than a year or for an indefinite period of time does not violate the statute of frauds and may be valid. *Niday v. Niday,* 643 S.W.2d 919, 920 (Tex.1982); *Morgan v. Jack Brown Cleaners,* 764 S.W.2d 825, 827 (Tex.App.—Austin 1989, writ denied).

■ Shaheen's affidavit expressly states that he entered into an agreement with Motion Industries that provided that he would work for them from March 15 through December 15, 1989. The excerpt from his deposition, partially quoted in footnote 1, tends to contradict his affidavit. However, in applying the necessary standards to summary judgment evidence, we give every inference to the non-movant's, Shaheen's, proof and then determine if the absence of an employment contract has been established as a matter of law. We hold there is an issue of fact whether an oral employment contract bound Shaheen to Motion Industries. We sustain Shaheen's first point of error.

■ Shaheen's cause of action for negligent infliction of emotional distress is not a viable cause of action, although mental anguish is still a recognized element of damages for a tort. *Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex.1993) (op. on reh'g). The trial court properly granted summary judgment on this cause of action. Points two and five are overruled as they relate to Shaheen's claim for negligent infliction of emotional distress.

■ Shaheen also claimed intentional infliction of emotional distress. He attacks the granting of summary judgment on that cause of action in points two, four, and five. As early as 1890, the concept of recovery for

1. Shaheen's affidavit is sufficient although it is sworn to with the phase "true and correct to the best of my knowledge." The statements within the affidavit demonstrate the basis for Shaheen's personal knowledge.

2. "[D]id he guarantee or promise you that you would have a guaranteed job for nine months?" Shaheen responded, "No." Shaheen said, "We weren't discussing a short-term. We were discussing the long haul." He was asked, "Okay. An indefinite period." Shaheen responded, "That's right."

infliction of emotional distress was considered in *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (1890); Texas explicitly recognized intentional infliction of emotional distress in *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex.1993). The elements are: 1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) defendant's actions caused appellant emotional distress, and 4) the emotional distress was severe.

 The level of outrageousness necessary for liability is described as: conduct … so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. RESTATEMENT (SECOND) OF TORTS § 46, cmt. d (1965). Whether the defendant's conduct was extreme and outrageous is initially a question of law. *Wornick Co. v. Casas*, 856 S.W.2d 732, 735 (Tex.1993); RESTATEMENT (SECOND) OF TORTS § 46, cmt. h (1965).

 In employment cases, the fact of discharge is not itself outrageous; the employee may recover only if the manner of discharge is outrageous. *Casas*, 856 S.W.2d at 735; *Diamond Shamrock v. Mendez*, 844 S.W.2d 198, 201–02 (Tex.1992); *Amador v. Tan*, 855 S.W.2d 131, 134 (Tex.App.—El Paso 1993, writ denied).

 Shaheen does not allege that the manner of his discharge was outrageous, only that the motivation may have been outrageous. He admits that the meeting during which he was discharged was conducted privately, in a business-like manner. As a matter of law, Motion's conduct does not rise to the level of outrageousness necessary to make out a prima-facie case of intentional infliction of emotional distress. Points two, four, and five to the extent they address intentional infliction of emotional distress are overruled.

 Shaheen further alleges that Motion's actions placed him in a false light and invaded his privacy. He contends that the trial court erred in granting summary judgment against him on this cause of action because his proof raised a fact issue. False light-invasion of privacy is a tort that has not yet been recognized by the Supreme Court of Texas, although lower courts have done so. *Clarke v. Denton Publishing Co.*, 793 S.W.2d 329 (Tex.App.—Fort Worth 1990, writ denied); *Covington v. Houston Post*, 743 S.W.2d 345 (Tex.App.—Houston [14th Dist.] 1987, no writ); *see Industrial Foundation of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex.1976); *Wavell v. Caller–Times Publishing Co.*, 809 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1991, writ denied). The tort consists of publication of information that places another before the public in a false light, when the information would be highly offensive to a reasonable person, and the actor knew of the falsity of the publicized matter, or acted in reckless disregard of whether it was false or not and the false light in which the other would be placed. Essentially, the tort requires actual malice. *Mendez*, 844 S.W.2d at 200. The statements made must be false, although they do not have to be defamatory. It is enough that the plaintiff is given "unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." RESTATEMENT (SECOND) OF TORTS § 652E, cmt. b (1977).

 Shaheen contends that Motion represented him to the public at the trade show as the next manager of their soon-to-be opened Corpus Christi office. He claims that the representation was not true, Motion knew it was not true, and that such representation placed him in a false light. Shaheen's proof consists of his own affidavit and deposition excerpts from Eilers and Burmester in which they acknowledged that the decision to fire Shaheen had been made prior to the trade show. This is probative that any statements that Shaheen would be representing Motion in the future were false and were known to be false at the time they were made. Motion's proof does not address these alleged representations at the trade show. The issue is whether the statements were 'highly offensive' to a reasonable person. The plaintiff's privacy is not invaded when unimportant false statements are made, even if they are made deliberately. RESTATEMENT

(SECOND) OF TORTS § 652E, cmt. c, and illus. 6 (1977). Like the outrageousness requirement for intentional infliction of emotional distress[3] and the requirement in slander cases that words be capable of a defamatory meaning,[4] whether something is 'highly offensive' is first a matter of law; a certain threshold of offensiveness is required.

■ We hold the statements here were not so highly offensive to a reasonable person to support an action for false light. A statement that one is representing a company is not offensive, absent evidence that the reputation of the company is such that anyone associated with it is sullied. Appellant's complaint is that he was embarrassed when it was discovered he was *not* representing the company, in spite of prior statements. We overrule points two and four.

We hold there is a disputed issue of fact as to the existence of an employment contract between the parties requiring determination by the fact finder. We further hold the trial court properly granted summary judgment on the other causes of action asserted by Appellant, that of intentional and negligent infliction of emotional distress. The remaining points of error not addressed attack the other possible grounds for the summary judgment on Shaheen's claims for intentional and negligent infliction of emotional distress. Because we have affirmed the summary judgment as it relates to those causes of action, we need not address appellant's point of error three. TEX.R.APP.P. 90(a).

We AFFIRM in part and REVERSE AND REMAND in part.

---

3. *Wornick Co. v. Casas,* 856 S.W.2d at 735.

4. *Kelly v. Diocese of Corpus Christi,* 832 S.W.2d 88, 91 (Tex.App.—Corpus Christi 1992, dism'd w.o.j.) (citing *Carr v. Brasher,* 776 S.W.2d 567, 570 (Tex.1989)); RESTATEMENT (SECOND) OF TORTS § 614 (1977) ("The court determines (a) whether a communication is capable of bearing a particular meaning, and (b) whether that meaning is defamatory.")