# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

No. 11-10588
Summary Calendar

Lyle W. Cayce
Clerk

LOIS MARTIN,

Plaintiff - Appellee

v.

MARIO GUEVARA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-260

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

After a jury trial, the district court entered judgment against Defendant-Appellant Mario Guevara on Plaintiff-Appellee Lois Martin's claims for invasion of privacy by intrusion on seclusion, assault, and intentional infliction of emotional distress. The jury awarded Martin $10,000 in compensatory damages on her intrusion on seclusion claim. The jury awarded Martin no compensatory damages for the assault and emotional distress claims, but the jury awarded her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10588

$25,000 in exemplary damages on those claims. On appeal, Guevara challenges the sufficiency of the evidence regarding intrusion on seclusion and the exemplary damages award. He also contends that Texas law bars the exemplary damages award because the jury did not award any compensatory damages on the assault and emotional distress claims.

We AFFIRM.

## I. BACKGROUND

We review a district court's denial of a motion for judgment as a matter of law de novo, applying the same standard as the district court. *Evans v. Ford Motor Co.*, 484 F.3d 329, 334 (5th Cir. 2007). That standard permits overturning a jury verdict only if the trial record so overwhelmingly favors the moving party that no reasonable juror could have reached the verdict. *Id.* Much of Martin's case against Guevara was established through twenty-nine deemed admissions under Federal Rule of Civil Procedure 36.[1] The twenty-nine matters admitted were set forth in the jury instructions, which also stated that the jury must "treat these facts as having been conclusively proved against [Guevara]." We summarize the admitted matters and the trial evidence in the light most favorable to Martin.

Guevara and Martin were employees of the Dallas County Constable's Office, Precinct 5. In March 2008 Martin transferred to Precinct 5's civil division, where Guevara served as her field training officer. During the training they would ride in the same patrol car. A week into the training, they were

---

[1] Before trial, Martin requested admissions regarding twenty-nine matters. The district court deemed those matters admitted after Guevara failed to timely respond. *See* FED. R. CIV. P. 36(a)(3). Guevara does not challenge the district court's decision to deem the matters admitted, nor the manner of their presentation in the jury instructions.

riding in the patrol car when Guevara suggested that they go to his home to have sex. He also asked Martin whether she wore thong underwear and whether she shaved her pubic hair, and he touched her thighs and buttocks. Martin rebuffed Guevara's advances. Thereafter, Guevara subjected Martin to further unwelcome advances and sexually suggestive comments, sometimes attempting to hold her hand or whispering sexually suggestive remarks in her ear. When she continued to rebuff him, he retaliated by telling their mutual superior that Martin was complaining about the precinct. Martin had to assure her boss that this was not true. The harassment abated somewhat when Martin's training ended in May 2008. But in July 2008 Guevara became Martin's supervisor after he was promoted to Sergeant. She again had to deal with him on a daily basis, and he resumed harassing her. Martin suffered anxiety, depression, and marital problems. She sought out psychiatric care, and she had to take time off of work after an anxiety attack that prompted her to go to the emergency room. When she returned to work, the harassment continued. Martin ultimately complained to Dallas County human resources officials in October 2008, and Guevara resigned. Guevara's admissions include, inter alia, that he could tell that Martin was "depressed," "stressed" and "visibly traumatized" by his conduct, that his conduct "constituted sexual harassment," that it caused Martin "severe emotional distress," and that it "created a hostile work environment." Guevara also admitted that he "made physical contact with [Martin]'s person," and that he "intruded upon [Martin]'s solitude, seclusion or private affairs."

Martin brought state law claims against Guevara, as well as Title VII claims against both Guevara and Dallas County. At trial, the jury was

No. 11-10588

instructed to complete a special verdict form with twenty-three questions. Questions 1 through 15 applied to both Dallas County and Guevara, the remainder to Guevara only.

The jury found against Martin in answering the fifteen questions applicable to the Title VII claims against both defendants. Regarding the claims against Guevara alone, the jury answered "yes" to Question 16, which asked whether Guevara "intruded upon [Martin]'s seclusion. Question 17 asked the jury to assess compensatory damages for the intrusion on seclusion claim. The jury awarded $5,000 for past physical pain and mental anguish, and $5,000 for future physical pain and mental anguish. Questions 18 and 20 asked whether Guevara assaulted Martin and whether he inflicted intentional infliction of emotional distress on Martin. The jury answered "yes" to both, but the jury awarded no compensatory damages for those claims. Question 23 concerned exemplary damages. It asked for the amount of "exemplary damages for the conduct found in response to Question No. 18 and 20." The jury awarded $25,000. The district court entered judgment reflecting the jury's verdict, and denied Martin's and Guevara's post-trial motions. Guevara timely appealed.

## II. DISCUSSION

The elements of a cause of action for invasion of privacy by intrusion on seclusion are 1) the defendant intentionally intruded on the plaintiff's solitude, seclusion, or private affairs, and 2) the intrusion would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Regarding the first element, Guevara argues that his conduct did not include the kind of spying or intrusion on private property that tortious intrusion on

4

No. 11-10588

seclusion typically involves.[2]  This argument is foreclosed by his admission that he "intruded upon [Martin]'s solitude, seclusion or private affairs."  "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."  *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also* FED. R. CIV. P. 36(a)(1)(A).  A matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  FED. R. CIV. P. 36(b).

Regarding the second element of intrusion on seclusion, Guevara contends that his conduct, though "annoying and mildly offensive," was not "*highly* offensive," as the elements of intrusion on seclusion require.  We will consider that contention together with the argument he makes in the same vein regarding the $25,000 exemplary damages award.  Under Texas law, when "determining the amount of exemplary damages, the trier of fact shall consider evidence, if any, relating to: (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the defendant."  TEX. CIV. PRAC. & REM. CODE § 41.011(a).  Guevara concedes that his conduct was "boorish, rude, childish, and even offensive."  But he asserts it was "not such that can be said to offend a public sense of justice and propriety."  Though his treatment of Martin "was rude to be sure," he contends that it was "all in all, pretty trivial."

---

[2] *See Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 6 (Tex. App.–Corpus Christi 1991, no writ), *overruled on other grounds* by *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578-79 (Tex. 1994).

No. 11-10588

In making this argument, Guevara relies heavily on the jury's having answered "no" to Question 2 on the jury form, which asked whether Martin was sexually harassed. Guevara overstates the implications of the jury's answer to Question 2. As noted above, Questions 1 through 15 pertained to Martin's Title VII claims against both Guevara and Dallas County. Guevara admitted that his treatment of Martin "constituted sexual harassment" and "created a hostile work environment." The jury's answer to Question 2 must be interpreted in light of those admissions and the instruction that the admitted matters be regarded as "conclusively proved against [Guevara]," but not against Dallas County. *See Geosearch, Inc. v. Howell Petroleum Corp.*, 819 F.2d 521, 527 (5th Cir. 1987) ("The court must interpret verdicts in the light of the instructions, evidence, and other surrounding circumstances.") The jury's answer to Question 2 can be construed to mean only that Martin could not recover for sexual harassment under Title VII. So interpreted, it does not support Guevara's attempt to minimize the conduct underlying the verdict on Martin's state-law tort claims.

We do not share Guevara's view of that conduct. Considered in the light most favorable to Martin, the admissions and trial evidence show that Guevara, a law enforcement officer, took advantage of his seniority to sexually harass a subordinate officer for a period of at least five months, during which he repeatedly initiated physical contact without her consent. When she continued to reject his advances, he retaliated by lying about her to their mutual superior. He continued harassing her even though he knew he was causing her anxiety and depression that forced her to miss work and seek medical treatment. Texas courts have considered similar conduct in relation to the "extreme and outrageous conduct" element of intentional infliction of emotional distress, which

6

requires deeds "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (internal quotation marks and citation omitted). That very high standard is satisfied by conduct comparable to Guevara's. *See, e.g.*, *id.* at 929-31*; Clayton v. Wisener*, 190 S.W.3d 685, 694 (Tex. App.–Tyler 2005, pet. denied) (a physician's pattern of unwelcome sexual advances toward a patient, including an attempt to deceive her into taking her shirt off, sufficed for intentional infliction of emotional distress); *see also Haynes & Boone, L.L.P. v. Chason*, 81 S.W.3d 307, 311-12 (Tex. App.–Tyler 2001, pet. denied) (summarizing cases).

Guevara's admissions and the trial evidence permitted a reasonable juror to find that Guevara's conduct was both "highly offensive" and deserving of a $25,000 exemplary damages award.

Guevara also cites a Texas statute that bars exemplary damages on claims for which no compensatory damages were awarded. TEX. CIV. PRAC. & REM. § 41.004. Guevara did not raise this issue before the district court, so we will not consider it. *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010) ("An argument not raised before the district court cannot be asserted for the first time on appeal.") (internal quotation marks and citation omitted).

### III. CONCLUSION

The district court's judgment is AFFIRMED.