**Ezequiel and Linda CARABAJAL,**
**Appellants,**

v.

**UTV OF SAN ANTONIO, INC., Appellee.**

No. 04–97–00066–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1998.

Rehearing Overruled Feb. 13, 1998.

Carl Pipoly, Law Offices of Carl Pipoly, San Antonio, for Appellants.

R. Laurence Macon, Amber E. Alonso, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Raul M. Rodriguez, Rosenberg, Tuggey, Agather, Rosenthal & Rodriguez, San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

This appeal arises from the granting of summary judgment in a defamation suit in favor of appellee, UTV of San Antonio, Inc. (UTV). In two points of error, the appellants, Ezequiel and Linda Carabajal, claim the trial court erred in its ruling because the evidence presented a fact issue and because the expert affidavit in support of the motion was defective. Because the supporting affidavit was conclusory, we reverse and remand.

### Factual and Procedural Background

Zarina Carabajal, the thirteen-year-old daughter of Ezequiel and Linda Carabajal, was fatally wounded in an accident involving a gun on April 24, 1994. That day, a news report of the accident aired on a local television station owned by UTV. A news anchor reported that Zarina and friends were playing with what they thought was an unloaded gun when she was accidently shot in the neck by one of her friends. The anchor went on to read, "Police say the three teens broke into a home on Paradise Valley and found the gun." In fact, appellants maintain, Zarina had not broken into any home but was an invited guest where the weapon was acquired.[1] The Carabajals contacted UTV to notify the station of the misinformed report and to request a retraction. UTV refused their request.

Subsequently, the Carabajals filed suit against UTV for defamation, on behalf of their deceased child. In their third amended petition, they claimed UTV committed slander per se when it aired the allegedly false statement. UTV moved for summary judgment on the ground that, as a matter of law, it was not negligent in broadcasting its report. In support of its motion, UTV submitted the affidavit of Kent Collins, a broadcast industry expert, which stated that, in his opinion, UTV complied with the requisite standard of care. The expert's opinion was based on his twenty-five years of industry experience, his familiarity with the standard of care in the broadcast industry for obtaining and verifying broadcast information, and on three depositions of UTV employees responsible for verifying news information.[2] The Carabajals responded to the motion, objecting to the expert's affidavit because it was conclusory and stating that a fact issue was presented on the element of negligence. The court overruled the objections and granted UTV's motion.

### Standard of Review

In reviewing the district court's order of summary judgment, we examine "whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action." *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant must show there is no genuine issue of material fact and that, as a matter of law, it is entitled to judgment in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Taking all evidence favorable to the non-movant as true, we decide whether a disputed material fact issue exists that would preclude summary judgment. *Id.* Finally, we indulge every reasonable inference in favor of the non-movant, resolving any doubts in its favor. *Id.* This standard applies to motions for summary judgment in defamation actions. *See Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989).

---

1. The record contains no evidence of the truth or falsity of this statement.

2. Records regarding verification of the information in the news broadcast in question were no longer available as they were lost in a hard disk crash. The UTV personnel were deposed on the verification practices of the station generally.

## Discussion

■ To succeed on its motion for summary judgment, UTV must disprove, as a matter of law, at least one of the elements essential to the Carabajals' claim. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). In its motion for summary judgment, UTV sought to negate the negligence component of defamation. *See Foster v. Laredo Newspapers, Inc.,* 541 S.W.2d 809, 819–20 (Tex. 1976) (adopting the negligence standard in defamation actions by private individuals against a publisher or broadcaster of a defamatory falsehood). UTV proceeded on the theory that, as a matter of law, it was not negligent in its broadcast of the news surrounding the gun accident. In two overlapping points of error, the Carabajals challenge the court's summary judgment ruling. In essence, they argue the court erred in its judgment because (1) there remained a material fact issue, and (2) the affidavit of UTV's expert was inadequate to support the motion. We first address the second point.

On appeal, the Carabajals argue that the affidavit of UTV's expert was insufficient to support its motion and that the court thereby erred in its summary judgment ruling. They challenge the evidentiary competency of the expert's affidavit in two respects: (1) it was comprised of legal conclusions alone; and (2) it failed to address adequately the standard of negligence because it did not mention the station's knowledge of falsity or the appropriate standard of care. UTV responds that the Carabajals may not make the second argument on this point because they did not address it in their response to the motion for summary judgment. In any case, UTV asserts, the expert affidavit was legally sufficient. We disagree with both of UTV's statements.

■ The Carabajals may complain, for the first time on appeal, that UTV's affidavit failed to address adequately the standard of negligence. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). "[T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support

summary judgment." *Id.* (emphasis added). Because the Carabajals' challenge is a legal one, they need not have directed the trial court's attention to the deficiency in order for us to consider it now.

■ Summary judgment is proper only if the motion and its supporting affidavits demonstrate the movant should prevail as a matter of law. *Anderson,* 808 S.W.2d at 55. A summary judgment may be based on the uncontroverted testimonial evidence of an expert witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies and could have been readily controverted." TEX.R. CIV. P. 166a(c); *see Anderson,* 808 S.W.2d at 55. Finally, an expert's conclusory statements are insufficient to support summary judgment. *Anderson,* 808 S.W.2d at 55; *Schexnider v. Scott & White Mem'l Hosp.,* 906 S.W.2d 659 (Tex.App.—Austin 1995), *rev'd in part on other grounds,* 940 S.W.2d 594, 595–96 (Tex.1996).

■ The competency of an expert's affidavit in support of a motion for summary judgment is an issue that arises frequently in medical malpractice cases. We believe the analysis in those cases is useful in this context as well. In an affidavit supporting a motion for summary judgment, an expert "cannot merely state he knows the standard of care and conclude that it was met. The expert must state what the standard is and say what was done to meet it." *Armbruster v. Memorial Southwest Hosp., Hamilton, Pfeiffer,* 857 S.W.2d 938, 941 (Tex.App.— Houston 1993, no writ). Rather than making brief or indirect references to the standard of care, the affidavit should enumerate the conduct illustrating it; in addition to asserting the standard was met, the expert must direct the court's attention to specific facts in support of his conclusion. *See, e.g., Lopez v. Carrillo,* 940 S.W.2d 232, 235 (Tex.App.—San Antonio 1997, writ denied) (finding the expert's affidavit competent); *Noriega v. Mireles,* 925 S.W.2d 261, 266–67 (Tex.App.— Corpus Christi 1996, writ denied) (same). Further, the affidavit should lay out the facts in such a way that they may be readily controverted by the nonmovant. *See Hall v.*

*Tomball Nursing Ctr., Inc.,* 926 S.W.2d 617, 619–20 (Tex.App.—Houston [14th Dist.] 1996, no writ).

We agree with the Carabajals that UTV's affidavit failed to state the appropriate standard of care and consisted of no more than a legal conclusion. Specifically, UTV's affidavit states: (1) Collins had twenty-five years experience in the broadcast industry; (2) Collins was familiar with the standard of care in the broadcast industry with respect to gathering and verifying information for broadcast; (3) Collins reviewed the depositions of three UTV employees whose job it was to ensure news accuracy; and (4) after reviewing the depositions, it was Collins's opinion that UTV "acted in a reasonably prudent manner, and with the requisite degree of care, in airing the broadcast" in question. Collins' resume and the three depositions were attached. UTV's affidavit neither educates the court on what a reasonably prudent broadcaster should have done in this situation to obtain, verify, and broadcast the information, nor does it mention anything that UTV did to conform to such a standard. Accordingly, we sustain the Carabajals' first point of error.

### Conclusion

In light of our disposition on the Carabajals' first point of error, we need not address their second point. Because we sustain the first point of error, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.