Affirmed and Opinion filed June 7, 2005









Affirmed and Opinion filed June 7, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00168-CV

____________

 

BARRY A. OLIPHINT, Appellant

 

V.

 

SCOTT M. RICHARDS
AND JACOBS ENGINEERING GROUP, INC., Appellees

 



 

On Appeal from the 11th
District Court

Harris County, Texas

Trial Court Cause No. 02-45558

 



 

O P I N I O N

This is a defamation case arising out of a
negative employment reference given by appellees, Scott M. Richards and Jacobs
Engineering Group, Inc., to a private investigator hired by appellant, Barry A.
Oliphint.  The trial court granted
appellees’ motion for summary judgment, and, in one point of error, Oliphint
claims the trial court erred in doing so. 
We affirm.

                                                              

 








                          Factual and Procedural Background  

According to the undisputed summary
judgment evidence, Oliphint began working for a subsidiary of Jacobs
Engineering in 1984, and he eventually worked directly for Jacobs Engineering
until his employment ended in 1991.  From
1989 through 1991, Richards was one of Oliphint’s supervisors.  

The day before Oliphint’s employment
ended, Oliphint had a heated telephone discussion with another of his
supervisors, Jimmy Lee.  Lee asked
Oliphint to perform an inspection earlier in the day than originally
scheduled.  Oliphint refused to do so and
hung up on Lee.  The next day, Richards
called Oliphint into his office and said they had decided to terminate
Oliphint’s employment.  After telling his
side of the story, Oliphint told Richards that he wanted to quit because he
could not work with Lee anymore. 
Oliphint claims that Richards agreed to document the separation as a
resignation.  Richards denies this and
wrote that Oliphint was terminated for performance and other problems, “all of
which are related to alcohol.”

A few months later, Oliphint was
interviewing for another job.  The
interviewer asked about his separation from Jacobs Engineering, and Oliphint
said he had resigned.  Oliphint testified
that the interviewer “shook his head in disgust and told me that he could take
a lot, but he could not take a liar.” 
When Oliphint pressed the interviewer for more details, the interviewer
said, “That’s not what Jacobs told me.”

Oliphint eventually obtained another job,
and during the 1990s, he held various jobs, though he says he was turned down
from a second job based on a suspected negative reference from Richards.  Oliphint began looking for a new job in 2000
and was not satisfied with the results of his search.  In March 2002, Oliphint hired a private
investigator to check all of his references. 
At Jacobs Engineering, the investigator first called the human resources
department, which would only verify dates of employment and positions
held.  The investigator then called
Richards directly, who told her that Oliphint had been terminated for
“substance abuse problems.”








Oliphint denies that he has ever had any
substance abuse problems, and based on Richards’s statement to the
investigator, Oliphint sued Richards and Jacobs Engineering for defamation,
intentional infliction of emotional distress, and negligence.  Appellees filed a motion for summary
judgment, which the trial court granted. 
This appeal followed.

                                                      Analysis

                                               Standard
of Review

Appellees filed both a traditional motion
for summary judgment and a no‑evidence motion.  See Tex.
R. Civ. P. 166a(c), (i).  The
standard of review for a traditional motion for summary judgment is whether the
successful movant at the trial level carried its burden of showing that there
is no genuine issue of material fact and that judgment should be granted as a
matter of law.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant must conclusively negate at least
one essential element of each of the plaintiff’s causes of action or
conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  Under this
traditional standard, this court must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant’s
favor.  See id.  We review a no‑evidence summary
judgment de novo by construing the record in the light most favorable to the
nonmovant and disregarding all contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A no‑evidence
summary judgment is improperly granted when the respondent brings forth more
than a scintilla of probative evidence that raises a genuine issue of material
fact.  See Tex. R. Civ. P. 166a(i); Coastal Conduit & Ditching,
Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.— Houston [14th
Dist.] 2000, no pet.).  When, as here, a
trial court’s order granting summary judgment does not specify the grounds
relied upon, we must affirm summary judgment if any of the summary judgment
grounds are meritorious.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).








                                                      Defamation

A plaintiff may
not recover on a defamation claim based on a publication to which he has
consented or which he has authorized, procured, or invited.  Lyle v. Waddle, 188 S.W.2d 770, 772
(Tex. 1945); Frank B. Hall & Co. v. Buck, 678 S.W.2d 612, 617 (Tex.
App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.).  Appellees argue that Oliphint’s defamation
claim is barred because Oliphint consented to or invited publication of the
statement at issue by hiring an investigator to solicit a statement from
Richards.

Relying on Buck and Free v.
American Home Assurance Co., 902 S.W.2d 51 (Tex. App.—Houston [1st Dist.]
1995, no writ), Oliphint claims that hiring an investigator to determine the
content of a defamatory statement does not amount to consent or invitation to
defamation.  In Buck, the
plaintiff, an established salesman, was abruptly fired and was unable to find
another job.  Buck hired an investigator
to determine the real reason he was fired, and his former employer made
defamatory statements about him to the investigator.  678 S.W.2d at 617.  When Buck sued for defamation, his former
employer argued the statements were invited and therefore could not form the
basis of a defamation claim.  Id.  This court rejected the employer’s argument,
noting “there is nothing in the record to indicate that Buck knew [his former
employer] would defame him when [the investigator] made the
inquiries.”  Id.  Similarly, in Free, the First Court of
Appeals rejected the employer’s consent defense to a defamation claim based on
statements made to an employment headhunter because the employer could not
establish, as a matter of law, that the plaintiff had reason to believe the
employer would defame him when he requested that the headhunter check his
references.  902 S.W.2d at 53–55.








Whereas in both Buck and Free
the evidence did not establish that the plaintiff had reason to expect
defamation when he requested the reference check, that is not the situation
here.  According to Oliphint’s own
testimony, he knew within months of leaving that appellees were contradicting
Oliphint’s account of his separation from Jacobs Engineering, leading a prospective
employer to call him a liar.  Though he
may not have known the exact words that would be said, the undisputed evidence
shows that Oliphint clearly had reason to expect a defamatory statement.  By hiring an investigator to check his
references under these circumstances, Oliphint invited the defamation, and
therefore his claim is barred.  See
Saucedo v. Rheem Mfg. Co., 974 S.W.2d 117, 121 (Tex. App.—San Antonio 1998,
pet. denied) (affirming summary judgment on former employee’s defamation claim
based on consent because the statement was made only after employee requested a
reference check when he suspected employer was giving a bad reference); Smith
v. Holley, 827 S.W.2d 433, 440 (Tex. App.—San Antonio 1992, writ denied)
(concluding that consent barred former employee’s defamation suit, in part
because, unlike in Buck, the employee knew that her former employers had
unfavorable opinions about her performance); see also Rouch v. Cont’l
Airlines, Inc., 70 S.W.3d 170, 174 (Tex. App.—San Antonio 2001, pet.
denied) (distinguishing Buck based on evidence of the employee’s
expectation that employer would make defamatory remarks).  Thus, the trial court did not err in granting
summary judgment on Oliphint’s defamation claim.

                              Intentional
Infliction of Emotional Distress

Oliphint’s claim for intentional
infliction of emotional distress is based solely on the alleged defamatory
statement made to the investigator. 
However, the Texas Supreme Court has held that intentional infliction of
emotional distress is a gap-filler tort that has no application when the
conduct at issue invades some other legally-protected interest.  See Hoffman-La Roche Inc. v. Zeltwanger,
144 S.W.3d 438, 447 (Tex. 2004).  “Where
the gravamen of a plaintiff’s complaint is really another tort, intentional
infliction of emotional distress should not be available.”  Id. 
Though Hoffman-La Roche is a sexual harassment case, the court
cited with approval four other state and federal cases applying this theory in
the defamation context.  See id.  Because Oliphint did not even attempt to base
his intentional infliction of emotional distress claim on facts independent of
his defamation claim, we hold that an intentional infliction of emotional
distress claim is not available.  The
trial court did not err in granting summary judgment on this claim.








                                                      Negligence

Oliphint’s negligence claim is also based
on the alleged defamatory statement made to the investigator.  Oliphint asserts that appellees owed him a
duty not to defame him or supply false information about him to third parties.  Appellees argue that such a claim is not a
separate cause of action but merely a re-labeled defamation claim.  We agree. 
The courts of this state frown on attempts to fracture one cause of
action into multiple claims.  Ross v.
Arkwright Mut. Ins. Co., 892 S.W.2d 119, 133 (Tex. App.—Houston [14th
Dist.] 1994, no writ).  In Ross,
this court rejected the plaintiff’s attempt to convert his malicious
prosecution and defamation claims into a negligence claim as well.  “When the labels attached to the causes of
action pled by appellants are ignored, and the pleadings are read for content
and analyzed, it is clear, even with a liberal construction, that appellants
have pled nothing more than malicious prosecution, defamation, and conspiracy
based on these torts.”  Id.; see
also Tacon Mech. Contractors, Inc. v. Aetna Cas. & Sur. Co., 65 F.3d
486, 488 (5th Cir. 1995) (“Under Texas law, an attempt such as this to fracture
one cause of action into three or four by massaging the labels and language is
impermissible.”).








To support his argument that a defamation
claim can support a claim for negligence, Oliphint relies on Mitre v. Brooks
Fashion Stores, Inc., 840 S.W.2d 612 (Tex. App.—Corpus Christi 1992, writ
denied).  In Mitre, shopping mall
customers sued individual shop owners for negligence and defamation after
flyers accusing the customers of passing counterfeit bills were posted in
shops.  Id. at 615.  The Corpus Christi Court of Appeals reversed
the trial court’s grant of summary judgment in favor of the customers,
concluding that because the customers’ defamation claim was based on a
negligence standard, the customers could also assert a negligence claim based
on that duty.  Id. at 623.  We disagree with the Mitre court’s
analysis.  Though a defamation claim not
involving a public figure contains a negligence liability standard, that is a
component of the defamation claim itself, not a separate claim.  See Dolcefino v. Randolph, 19 S.W.3d
906, 917 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (explaining that
defamation involving a private citizen requires a showing that a “false
statement was made with negligence as to its truth”); Carabajal v. UTV of
San Antonio, Inc., 961 S.W.2d 628, 631 (Tex. App.—San Antonio 1998, pet.
denied) (referring to “the negligence component of defamation”).  Further, Mitre is inconsistent with
our analysis in Ross limiting attempts to fracture claims by massaging
labels.  We hold that Oliphint cannot
maintain a negligence claim based solely on a duty not to defame.  Therefore, the trial court did not err in
granting summary judgment on Oliphint’s negligence claim.

Because we have determined that appellees
presented one meritorious ground for summary judgment on each of Oliphint’s
claims, we need not address the other bases of appellees’ summary judgment
motion.  We overrule Oliphint’s sole
issue and affirm the trial court’s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 7, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.